**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 02 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



GUSTAVO AMEZCUA GONZALEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-73229

Agency No. A200-006-731

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 10, 2019
Seattle, Washington

Before:  W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

Petitioner Gustavo Amezcua Gonzalez seeks review of the Board of

Immigration Appeals's (BIA) denial of his applications for withholding of removal

and protection under the United Nations Convention Against Torture (CAT).  We

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

have jurisdiction under 8 U.S.C. § 1252(a), and we grant the petition in part, deny it in part, and remand to the agency for further proceedings.

1.  Substantial evidence supports the agency's denial of Amezcua Gonzalez's withholding of removal claim.  "Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, [the court] review[s] both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (quoting *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012)).  Pursuant to statute and regulation, the Attorney General may not remove an unlawfully present alien to a particular country if that person's "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A).  A withholding of removal applicant must demonstrate that the asserted protected ground is "a reason" for persecution.  *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–59 (9th Cir. 2017).

Amezcua Gonzalez contends that La Familia Michoacána targeted him for violence based on his family connections, a well-recognized distinct social group. *See Parada v. Sessions*, 902 F.3d 901, 910 (9th Cir. 2018)*.*  We conclude, however, that substantial evidence supports the agency's conclusion that La Familia Michoacána targeted Amezcua Gonzalez based on his refusal to join the cartel, not because of any family relationship.  Accordingly, we agree with the

2

agency that Amezcua Gonzalez failed to demonstrate past persecution. We deny Amezcua Gonzalez's petition for review as to his withholding of removal claim.

2. We do not find, however, that the BIA's conclusions that Amezcua Gonzalez failed to establish that he suffered past torture and that Mexican officials were willfully blind to that abuse are supported by substantial evidence. The convention's implementing regulations define torture to include "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person[.]" 8 C.F.R. § 1208.18(a)(1). In this case, Amezcua Gonzalez credibly testified that drug cartel members abducted him in broad daylight on the street outside a grocery store. Two police officers, sitting in their car across the street, heard Amezcua Gonzalez's screams for help and turned their eyes away. Amezcua Gonzalez's kidnappers beat him with a gun and held a knife to his throat; he testified that he feared for his life. Within a few months, another group of men abducted Amezcua Gonzalez again, told him they had "been looking for him," and then beat him to the point of unconsciousness before he was able to escape by jumping from a moving truck. We conclude that this record compels the conclusion that Amezcua Gonzalez experienced past torture and that government officials acquiesced in that mistreatment through wilful blindness.

"To qualify for CAT relief, a petitioner must establish that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (quoting 8 C.F.R. § 208.16(c)(2)).  In making this determination, the agency must consider all the relevant evidence, *see id.* at 771 (citing 8 C.F.R. § 1208.16(c)(3)), including "[e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured."  8 C.F.R. § 1208.16(c)(3)(ii).  The BIA's decision did not address Amezcua Gonzalez's ability to safely relocate within Mexico.  Consequently, we grant the petition in part and remand Amezcua Gonzalez's CAT claim to the agency so that it may reconsider whether he is likely to face future torture upon his return.

**PETITION GRANTED IN PART, DENIED IN PART, and REMANDED.**  Each party to bear its own costs on appeal.

*Amezcua Gonzalez v. Barr*, No. 17-73229

CALLAHAN, Circuit Judge, concurring in part and dissenting in part:

I concur in affirming of the denial of Amezcua Gonzalez's withholding of removal claim. However, unlike my colleagues, I do not read the record in this case as "compelling" the conclusions that Amezcua Gonzalez experienced past torture or that government officials acquiesced in his mistreatment. Accordingly, while I concur in the remand, I do not consider the remand limited to the question of relocation.